UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY LODGING ASSOCIATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO,<br><br>　　　　　　　　　　Defendant. | Case No.: 20-cv-2151-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Intervene filed by Proposed Intervenor Unite Here Local 30. (ECF No. 13).

## I. BACKGROUND

On November 3, 2020, Plaintiffs San Diego County Lodging Association ("SDCLA") and California Employment Law Council ("CELC") filed a Complaint against Defendant The City of San Diego ("City"). (ECF No. 1). Plaintiffs allege that on September 8, 2020, the City passed the "City of San Diego COVID-19 Building Service and Hotel Worker Recall Ordinance" (the "Ordinance"). (*Id.* ¶¶ 1, 11). Plaintiffs allege that the Ordinance requires that owners of hotels with at least 200 guest rooms offer employees laid off after March 4, 2020, their old position, or a similar position, before hiring new applicants. Plaintiffs allege that the Ordinance requires that when two or more workers are

entitled to the same position, the employer must first offer the position to whomever worked at the hotel the longest. Plaintiffs allege that "[a]ny covered employee who believes their employer violated the Ordinance can sue for hiring and reinstatement rights, the greater of actual or statutory damages, punitive damages, and attorneys' fees and costs." (*Id.* ¶ 15). Plaintiffs allege that the Ordinance denies employers the contractual right to terminate employees at-will and impairs the benefits of severance agreements. Plaintiffs allege that the Ordinance may require courts to interpret collective bargaining agreements, which is preempted by the Labor Management Relations Act ("LMRA").

Plaintiffs bring the following claims against the City: 1) declaratory relief based on the Contracts Clause of the United States and California Constitutions: employment contract; 2) declaratory relief based on the Contracts Clause of the United States and California Constitutions: severance agreements; 3) declaratory relief based on the Due Process Clause of the United States and California Constitutions; 4) declaratory relief based on federal preemption of the Ordinance by the LMRA; 5) declaratory relief based on violation of Article XI, § 7 of the California Constitution: Cal. Lab. Code § 2922; 6) declaratory relief based on violation of Article XI, § 7 of the California Constitution: Cal. Civ. Code § 3294; and 7) declaratory relief based on violation of Article XI, § 7 of the California Constitution: Cal. Code Civ. Proc. § 1002.5. Plaintiffs seek declaratory relief voiding the Ordinance, an injunction permanently enjoining "'laid-off employee[s]'—as that term is defined in the Ordinance—from taking any action under, enforcing any provisions of, or demanding a covered employer abide by the requirements set by, the Ordinance," and attorneys' fees and costs. (*Id.* at 15-16).

On January 14, 2021, Plaintiff CELC filed a Notice of Voluntary Dismissal. (ECF No. 8). SDCLA is the only remaining Plaintiff.

On February 4, 2021, Plaintiff SDCLA filed a Motion for Summary Judgment. (ECF No. 11). On February 5, 2021, Defendant City filed a Motion to Dismiss. (ECF No. 12). The Motion for Summary Judgment and Motion to Dismiss are pending. (*See* ECF No. 18).

On February 5, 2021, Proposed Intervenor Unite Here Local 30 ("Local 30") filed a Motion to Intervene. (ECF No. 13). Local 30 seeks to intervene as of right as a defendant in this action pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. In the alternative, Local 30 seeks permissive intervention pursuant to Rule 24(b).

On March 1, 2021, SDCLA filed an Opposition to the Motion to Intervene. (ECF No. 19). On March 8, 2021, Local 30 filed a Reply. (ECF No. 21). On March 9, 2021, the City filed a Notice of Joinder to the Motion to Intervene. (ECF No. 23).

## II. DISCUSSION

Local 30 contends that it meets the requirements for intervention as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Local 30 contends that the Motion to Intervene is timely, members of Local 30 are direct beneficiaries of the Ordinance, and the remedies Plaintiff SDCLA seeks would impact the rights of Local 30's members. Local 30 contends that its interests are not adequately represented by Defendant City. Local 30 contends that the interests of Local 30's members "in recall under the Ordinance differs from that of the general public." (ECF No. 13 at 24). Local 30 contends that it has a distinct interest in ensuring that collective bargaining agreements are not used to deny members the rights that they enjoy under the Ordinance. Local 30 contends that it has particular knowledge of the hotel industry and expertise in federal labor preemption and the constitutionality of local employment laws that the City may lack. Local 30 contends that, alternatively, it meets the requirements for permissive intervention.

SDCLA contends that Local 30 fails to make a compelling showing that the City will not adequately represent the interests of Local 30's members. SDCLA contends that the City and Local 30 share the same objective of upholding the validity of the Ordinance. SDCLA contends that the City is interested in defending the interests of all beneficiaries of the Ordinance, including union members. SDCLA contends that the City is "capable and willing to make" the same arguments Local 30 would in attacking the LMRA preemption claims," as demonstrated by the City's Motion to Dismiss, which is "nearly identical" to the proposed motion to dismiss that Local 30 seeks to file. (ECF No. 19 at 10). SDCLA

contends that the City has extensive experience defending ordinances against court challenges and could obtain specialized knowledge through the normal course of discovery or by calling on Local 30 to provide evidence. SDCLA contends that Court should further deny permissive intervention because Local 30's presence would be redundant and impair the efficiency of this case.

Rule 24 of the Federal Rules of Civil Procedure provides for two types of intervention: intervention as of right and permissive intervention. *See* Fed. R. Civ. P. 24. Rule 24(a) states:

> On timely motion, the court must permit anyone to intervene who:
> . . .
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). To intervene as of right under Rule 24(a)(2),

> (1) the application for intervention must be timely; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the transaction; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties in the lawsuit.

*Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1992) ("*Glickman*") (citing *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995), *overruled in part on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011)), *as amended* (May 30, 1996).

"In evaluating whether these requirements are met, courts 'are guided primarily by the practical and equitable considerations.'" *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). "Further, courts generally 'construe[ ] [the Rule] broadly in favor of proposed intervenors.'" *Id.* (alterations in original) (quoting *United States ex rel. McGough v.*

*Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992)). "'A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.'" *Forest Conservation Council*, 66 F.3d at 1496 n.8 (quoting *Greene v. United States*, 996 F.2d 973, 980 (9th Cir. 1993) (Reinhardt, J., dissenting)).

The Court concludes that the Motion to Intervene filed by Local 30 is timely, Local 30 has a "significantly protectable interest" in this action, and "disposition of the action may . . . impede or impair [Local 30]'s ability to protect that interest." *Glickman*, 82 F.3d at 837 (citing *Forest Conservation Council*, 66 F.3d at 1493).

Courts consider three factors in determining the adequacy of representation:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)), *amended by* 2003 U.S. App. LEXIS 9156 (9th Cir. May 13, 2003), *and* 2003 U.S. App. LEXIS 9169 (9th Cir. May 13, 2003). "The requirement of inadequate representation 'is satisfied if the applicant shows that the representation of his interest [by existing parties] may be inadequate.'" *City of Los Angeles*, 288 F.3d at 398 (alteration in original) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

"The most important factor in determining the adequacy of representation is how the interest [of the proposed intervenor] compares with the interests of existing parties." *Arakaki*, 324 F.3d at 1086 (citing 7C CHARLES ALLEN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1909 (2d ed. 1986)). "When an applicant for intervention and an existing party have the same ultimate objective, a

presumption of adequacy of representation arises." *Id.* (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997)). "There is also an assumption of adequacy when the government and the applicant are on the same side." *Id.* (citing *City of Los Angeles*, 288 F.3d at 401-02)).

In *Californians for Safe & Competitive Dump Truck Transportation v. Mendoca*, 152 F.3d 1184 (9th Cir. 1998), the International Brotherhood of Teamsters ("IBT") moved to intervene as a defendant in a lawsuit by public works contractors and an association of motor carriers challenging the State's enforcement of the prevailing wage law. 152 F.3d at 1186. The Court of Appeals for the Ninth Circuit held that the district court properly granted IBT's motion for intervention as of right. *Id.* at 1189. The court stated, "[B]ecause the employment interests of IBT's members were potentially more narrow and parochial than the interests of the public at large, IBT demonstrated that the representation of its interests by the named defendants-appellees may have been inadequate." *Id.* at 1190; *accord Allied Concrete & Supply Co. v. Baker*, 904 F.3d 1053, 1068 (9th Cir. 2018) (holding that IBT was entitled to intervene as a defendant as of right in a lawsuit by a group of concrete suppliers challenging an amendment to the prevailing wage law to include delivery drivers of ready-mix concrete and stating, "IBT's interests are potentially more narrow than the public's at large, and the State's representation of those interests '*may have been* inadequate'" (quoting *Mendonca*, 152 F.3d at 1190)).

In this case, members of Proposed Intervenor Local 30 are among the hotel employees directly affected by the Ordinance. (*See* Browning Decl., ECF No. 13-1 ¶ 4). Local 30 lobbied to pass the Ordinance and has an interest in upholding the Ordinance to protect its members. (*See id.* ¶¶ 6-7). In addition, Local 30 has an interest "in ensuring that its members who work at hotels covered by collective bargaining agreements containing 'just-cause' or seniority-recall clauses should not be deprived of rights under the Ordinance that are enjoyed by non-union employees[.]" (*Id.* ¶ 5). The City represents the public generally, including non-union hotel employees who benefit from the Ordinance and hotel employers and applicants to hotel positions who claim to be harmed by the Ordinance. The

broad interest of the City in upholding the Ordinance generally is distinct from the narrower interest of Local 30 in protecting its members who benefit from the Ordinance. The interests of Local 30 are "potentially more narrow than the public's at large," so the representation of Local 30's interests by the City may be inadequate. *Allied Concrete & Supply Co.*, 904 F.3d at 1068. The Court concludes that Local 30 meets the requirements for intervention as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Local 30 is entitled to intervene as a defendant in this action.

## III. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Intervene filed by Proposed Intervenor Unite Here Local 30 (ECF No. 13) is granted. Local 30 shall file the proposed motion to dismiss attached to the Motion to Intervene (ECF No. 13-6) within three (3) days of the date of this Order. SDCLA shall file any opposition to Local 30's motion to dismiss within fourteen (14) days of the date the motion to dismiss is filed. Local 30 shall file any reply within seven (7) days of the date the opposition is filed.

Dated: May 3, 2021

Hon. William Q. Hayes
United States District Court