UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY LODGING ASSOCIATION,<br><br>                              Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO; and UNITE HERE LOCAL 30,<br><br>                              Defendants. | Case No.: 20-cv-2151-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motions to Dismiss filed by Defendant City of San Diego (ECF No. 12) and Intervening Defendant Unite Here Local 30 (ECF No. 25).

## I.    PROCEDURAL BACKGROUND

On November 3, 2020, Plaintiffs including San Diego County Lodging Association ("SDCLA")[1] filed a Complaint against Defendant City of San Diego ("City"), challenging an ordinance that requires certain employers to offer open positions to qualified, laid-off employees before hiring new applicants.

---

[1] SDCLA is the only remaining Plaintiff. (*See* ECF No. 8).

1

On February 4, 2021, Plaintiff SDCLA filed a Motion for Summary Judgment, which remains pending. (ECF No. 11).

On February 5, 2021, Defendant City filed a Motion to Dismiss. (ECF No. 12). The City moves to dismiss the Complaint for lack of standing pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On February 5, 2021, Unite Here Local 30 ("Local 30") filed a Motion to Intervene as a defendant. (ECF No. 13).

On March 1, 2021, SDCLA filed an Opposition to the City's Motion to Dismiss. (ECF No. 20). On March 8, 2021, the City filed a Reply. (ECF No. 22).

On May 3, 2021, the Court granted Local 30's Motion to Intervene. (ECF No. 24).

On May 6, 2021, Local 30 filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 25). On May 20, 2021, SDCLA filed an Opposition to Local 30's Motion to Dismiss. (ECF No. 27). On May 27, 2021, Local 30 filed a Reply. (ECF No. 28).

## II. ALLEGATIONS IN THE COMPLAINT

On September 8, 2020, the City passed the "City of San Diego COVID-19 Building Service and Hotel Worker Recall Ordinance" (the "Ordinance"), adding Chapter 3, Article 11, Division 1, to the San Diego Municipal Code. (ECF No. 1 ¶ 1). The Ordinance applies to commercial property employers, event center employers, and "hotel employers"— "owners, operators, or managers of hotels with at least 200 guest rooms." (*Id.* ¶ 12). Plaintiff SDCLA is "a federation of hotel and motel owners" that "has members that operate hotels with over 200 guest rooms within the City of San Diego" covered by the Ordinance. (*Id.* ¶ 8).

The Ordinance "provides novel recall rights" for employees who were terminated by a covered employer on or after March 4, 2020, for a "non-disciplinary" or "economic" reason. (*Id.* ¶ 12). The Ordinance requires that covered employers "[f]irst offer any previously laid-off employees their old position—or, alternatively, any position for which

that worker can become qualified with the same training the employer would provide a new worker—before hiring any new applicants into an open position." (*Id.* ¶ 13). "Any covered employee who believes their employer violated the Ordinance can sue for hiring and reinstatement rights, the greater of actual or statutory damages, punitive damages, and attorneys' fees and costs."[2] (*Id.* ¶ 15).

Many members of SDCLA "hired workers under an at-will employment agreement . . . [and] assumed that . . . they could lay off those workers without granting them a possible cause of action." (*Id.* ¶ 21 (emphasis omitted)). Further, "[SDCLA]'s members [] have a statutory right to terminate an employee for any non-protected reason." (*Id.* ¶ 45). The Ordinance denies those members the "right to terminate employees at-will as, absent good cause for the termination, they must re-hire anyone previously fired" or face civil liability. (*Id.* ¶ 22).

Several members of SDCLA "offered severance packages to ex-employees impacted by the pandemic, with the understanding those employees would not be re-hired." (*Id.* ¶ 27). "These members paid substantial sums in consideration of a clean end to their employment relationships with the affected workers, and for a release of all possible claims." (*Id.*). The Ordinance operates retroactively and impairs the benefit of these severance contracts by "requir[ing] employers to recall employees who signed severance

---

[2] The Ordinance includes a sunset provision and was set to expire on March 8, 2021. On March 2, 2021, the City adopted Ordinance Number 31236, which amended the sunset provision and extended the expiration date of the Ordinance to March 8, 2022. (*See* Ordinance No. 31236, Ex. 1 to Local 30's Request for Judicial Notice ("RJN"), ECF No. 25-2 at 38).

Defendants' requests that the Court take judicial notice of Ordinances Nos. 21231 and 31236 are granted. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" (quoting *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Local 30's additional requests for judicial notice are denied, because judicial notice of the requested documents is unnecessary for this Order. *See Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

agreements without any possibility of recouping the material consideration already paid" or face civil liability. (*Id.* ¶ 28).

Some members of SDCLA employ "unionized workers operating under collective bargaining agreements containing specific, negotiated seniority and recall rights," which "may be at-odds" with rights provided by the Ordinance. (*Id.* ¶ 39). The Ordinance does not define an "economic, non-disciplinary reason" for termination, so members of SDCLA with a unionized workforce "may be forced to prove 'for cause' termination was warranted under a collective bargaining agreement in order to attack an ex-employees' ability to bring a claim. That, in turn, requires courts to interpret the collective bargaining agreement; an act courts cannot perform due to the preemptive effect of the [Labor Management Relations Act ('LMRA')]." (*Id.* ¶ 41).

SDCLA brings the following claims: (1) declaratory relief based on the Contracts Clause of the United States and California Constitutions (employment contracts); (2) declaratory relief based on the Contracts Clause of the United States and California Constitutions (severance agreements); (3) declaratory relief based on the Due Process Clause of the United States and California Constitutions; (4) declaratory relief based on federal preemption by the LMRA; (5) declaratory relief based on Article XI, section 7, of the California Constitution (Cal. Lab. Code § 2922); (6) declaratory relief based on Article XI, section 7, of the California Constitution (Cal. Civ. Code § 3294); and (7) declaratory relief based on Article XI, section 7, of the California Constitution (Cal. Civ. Proc. Code § 1002.5). SDCLA seeks a declaratory judgment that the Ordinance is void, a permanent injunction preventing "'laid-off employee[s]'—as that term is defined in the Ordinance—from taking any action under, enforcing any provisions of, or demanding a covered employer abide by the requirements set by, the Ordinance," and attorneys' fees and costs. (*Id.* at 15-16 (alteration in original)).

### III.    ASSOCIATIONAL STANDING

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. *See* Fed.

R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. In a facial attack, the court should "assume [the plaintiff's] allegations to be true and draw all reasonable inferences in his favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

Defendants contend that SDCLA lacks standing because SDCLA fails to identify any member harmed by the Ordinance or "establish how the terms of the Ordinance would result in any injury in fact to those members." (ECF No. 12-1 at 10). Defendants contend that the second, third, fourth, and seventh claims cannot be adjudicated without extensive participation of individual members. SDCLA contends that it has standing because some of its individual members would have standing and have been or will be harmed by the Ordinance. SDCLA contends that the claims alleged may require limited participation by individual members in the discovery process, which does not bar associational standing.

Standing is a jurisdictional requirement and the "threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The plaintiff has the burden to "demonstrate standing for each claim he seeks to press" and "for each form of relief sought." *DaimlerChrystler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "The doctrine of associational standing permits an organization to 'sue to redress its members' injuries, even without a showing of injury to the association itself.'" *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1109 (9th Cir. 2003) (quoting *United Food & Commercial Workers Union Local 751 v. Brown Grp.*, 517 U.S. 544, 552 (1996)). An organization has associational standing when "(1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Am. Unites for Kids v. Rousseau*,

985 F.3d 1075, 1096 (9th Cir. 2021) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)).

An individual member of an organization has standing to sue in his or her own right when "(1) he or she has suffered a 'concrete and particularized' injury to a cognizable interest, (2) which is 'fairly traceable to the challenged action of the defendant' and (3) which likely can be redressed by a favorable decision." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1039 (9th Cir. 2015) (quoting *Bennett v. Spear*, 520 U.S. 154, 167 (1997)). In *Summers v. Earth Island Institute*, the Supreme Court stated that "plaintiff-organizations [must] make specific allegations establishing that at least one identified member ha[s] suffered or w[ill] suffer harm" to satisfy Article III standing. 555 U.S. 488, 498 (2009). In *Cegavske*, the Court of Appeals for the Ninth Circuit clarified that "*Summers* . . . [does not] stand[] for the proposition that an injured member of an organization must always be specifically identified in order to establish Article III standing for the organization." 800 F.3d at 1041. "Where it is relatively clear, rather than merely speculative, that one or more members have been or will be adversely affected by a defendant's action, and where the defendant need not know the identity of a particular member to understand and respond to an organization's claim of injury, . . . an organization [need not] identify by name the member or members injured." *Id.* Where "plaintiffs seek declaratory and injunctive relief only, . . . they [must] show a very significant possibility of future harm." *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (citing *Bras v. Cal. Pub. Util. Comm'n*, 59 F.3d 869, 873 (9th Cir. 1995)).

An organization meets the third requirement for associational standing where neither the claims asserted nor the relief requested require "extensive individual participation." *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1293 (9th Cir. 2014) (quoting *Pa. Psychiatric Soc'y v. Green Sprint Health Servs., Inc.*, 280 F.3d 278, 286 (3d Cir. 2002)). Generally, "individualized proof from the members is not needed where . . . declaratory and injunctive relief is sought rather than money damages." *Associated Gen. Contractors of Am. v. Metro. Water Dist.*, 159 F.3d 1178, 1181

(9th Cir. 1998). In declaratory and injunctive relief cases, "as long as . . . the claims can be proven by evidence from representative injured members, without fact-intensive-individual inquiry, the participation of those individual members will not thwart associational standing." *Ass'n of Am. Physicians & Surgeons v. Tex. Med. Bd.*, 627 F.3d 547, 552 (5th Cir. 2010); *see W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 484 (9th Cir. 2011) (associational standing exists where "neither the claims asserted nor the relief requested requires [individual members'] participation as parties").

In this case, the Ordinance provides that a covered employer "must offer its *laid-off employees* . . . all job positions which become available after this Division's effective date for which the *laid-off employees* are qualified." (Ordinance No. 21231, Ex. A to City's RJN, ECF No. 12-3 at 3). If more than one employee is qualified for a position, "the *employer* must offer the position to the *laid-off employee* with the greatest *length of service* for the *employer*." (*Id.*). Employers covered by the Ordinance include "hotel employer[s]"—"owner[s], operator[s], or manager[s] of a residential building located within the geological boundaries of the [City of San Diego] with at least 200 guest rooms that provides temporary lodging in the form of overnight accommodations to transient patrons." (*Id.* at 2). A "laid-off employee" is

> any individual [other than a "manager, supervisor, or confidential employee"] who, in a particular week, performs at least two hours of work within the geological boundaries of the [City of San Diego] for an *employer*, has a *length of service* with the *employer* of six months or more in the 12 months preceding March 4, 2020, . . . and whose most recent separation from active service . . . occurred on or after March 4, 2020, and before any termination of the Declaration of Emergency proclaimed by California's Governor on March 4, 2020, and was due to a government shutdown order, lack of business, a reduction in force or other, economic, non-disciplinary reason.

(*Id.*). "A *laid-off employee* may bring an action in the Superior Court of the State of California against an *employer* for violations of this Division" and may be awarded hiring and reinstatement rights, actual or statutory damages, punitive damages pursuant to section 3294 of the California Civil Code, and attorneys' fees and costs. (*Id.* at 4).

In the first claim for declaratory relief based on the Contracts Clause (employment agreements) and the fifth claim for declaratory relief based on state law preemption by section 2922 of the California Labor Code, SDCLA asserts that the Ordinance unlawfully interferes with at-will employment. SDCLA alleges that "several of [its] members operate hotels with over 200 guest rooms in San Diego and have terminated workers who would qualify as 'laid-off employees' under the Ordinance." (ECF No. 1 ¶ 5). SDCLA alleges that many of its members "hired workers under an at-will employment agreement . . . [and] assumed that . . . they could lay off those workers without granting them a possible cause of action." (*Id.* ¶ 21 (emphasis omitted)). SDCLA further alleges that its members "have a statutory right to terminate an employee for any non-protected reason." (*Id.* ¶ 45). SDCLA alleges that the Ordinance denies its members the right to terminate employees at-will because "absent good cause for the termination, they must re-hire anyone previously fired" or face civil liability. (*Id.* ¶ 22).

The allegations in the first and fifth claims plausibly support an inference that members of SDCLA covered by the Ordinance hired employees at-will and will be adversely affected by the requirements of the Ordinance. The allegations plausibly support an inference that members of SDCLA would have standing to assert the first and fifth claims in their own right and that Defendants do not need to know the identity of a particular member to understand and respond to the claims of injury related to at-will employment. The allegations plausibly support an inference that the interests SDCLA seeks to protect are germane to its purpose and that the first and fifth claims do not "require[] individualized proof and [] are thus properly resolved in a group context." *Hunt*, 432 U.S. at 344. The Court concludes that SDCLA has met its burden to demonstrate that it has standing to assert the first and fifth claims at this stage in the litigation.

In the second claim for declaratory relief based on the Contracts Clause (severance agreements) and the third claim for declaratory relief based on the Due Process Clause, SDCLA asserts that the Ordinance unlawfully interferes with severance agreements. SDCLA alleges that several of its members "offered severance packages to ex-employees

impacted by the pandemic, with the understanding those employees would not be re-hired." (ECF No. 1 ¶ 27). SDCLA alleges that "[t]hese members paid substantial sums in consideration of a clean end to their employment relationships with the affected workers, and for a release of all possible claims." (*Id.*). SDCLA alleges that the Ordinance requires employers to "choose to either lose the value of the severance paid by re-hiring those workers, or hire someone new and face material liability from the laid-off associates." (*Id.* ¶ 34).

In the fourth claim for declaratory relief based on federal preemption by the LMRA, SDCLA asserts that the Ordinance unlawfully requires courts to interpret collective bargaining agreements.[3] SDCLA alleges that some of its members employ "unionized workers operating under collective bargaining agreements containing specific, negotiated seniority and recall rights," which "may be at-odds" with rights provided by the Ordinance. (ECF No. 1 ¶ 39). SDCLA alleges that the Ordinance "gives novel right to any employee laid-off after March 4, 2020, for any 'economic, non-disciplinary reason,' but never defines those phrases." (*Id.* ¶ 40). SDCLA alleges that members of SDCLA with a unionized workforce "may be forced to prove 'for cause' termination was warranted under the collective bargaining agreement in order to attack an ex-employees' ability to bring a claim," which "requires courts to interpret the collective bargaining agreement; an act courts cannot perform due to the preemptive effect of the LMRA." (*Id.* ¶ 41).

Based on the allegations in the Complaint, the second, third, and fourth claims challenge the Ordinance as applied to individual members of SDCLA that entered into severance agreements or terminated employees subject to collective bargaining agreements with specific material terms. Defendants need to know the identity of particular members and the terms of the severance or collective bargaining agreements to understand SDCLA's claims of injury, and the Complaint fails to identify any individual member likely to be

---

[3] The Complaint does not allege any claim for violation of the Contracts Clause based on collective bargaining agreements.

injured. Further, the second, third, and fourth claims "require[] individualized proof" specific to each member and each agreement, which prevents "resol[ution] in a group context." *Hunt*, 432 U.S. at 344; *see Rent Stabilization Ass'n v. Dinkins*, 5 F.3d 591, 596 (2d Cir. 1993) (an organization lacks associational standing where the claims require "an *ad hoc* factual inquiry for each [member]," regardless of the relief requested), *as amended* (Oct. 21, 1993). The Court concludes that SDCLA fails to meet its burden to demonstrate that it has standing to assert the second, third, and fourth claims.

In the sixth claim for declaratory relief based on state law preemption by section 3294 of the California Civil Code, SDCLA asserts that the Ordinance's private right of action to recover punitive damages conflicts with California punitive damages law. SDCLA alleges that "[u]nder California Civil Code Section 3294, punitive damages are *only* available 'for the breach of an obligation not arising from contract.'" (ECF No. 1 ¶ 50). SDCLA alleges that the Ordinance "allows courts to award punitive damages for a claim that *could not* exist absent an underlying employment contract." (*Id.*). The Ordinance provides that a laid-off employee "may be awarded . . . [p]unitive damages pursuant to California Civil Code Section 3294" for violations of the Ordinance. (Ordinance No. 21231, Ex. A to City's RJN, ECF No. 12-3 at 4). The plain language of the Ordinance incorporates the requirements of section 3294. The allegations in the Complaint fail to "show a very significant possibility of future harm." *San Diego Cty. Gun Rights*, 98 F.3d at 1126 (citing *Bras*, 59 F.3d at 873). The Court concludes that SDCLA fails to meet its burden to demonstrate that it has standing to assert the sixth claim.

In the seventh claim for declaratory relief based on state law preemption by section 1002.5 of the California Code of Civil Procedure, SDCLA asserts that the Ordinance's right of recall conflicts with California employment settlement law. SDCLA asserts that the Ordinance "implicitly bar[s] no-rehire provisions . . . for workers terminated by a covered employer," which are authorized by section 1002.5 where there is a "'legitimate, non-discriminatory or non-retaliatory reason for terminating the employment relationship.'" (ECF No. 1 ¶¶ 56-57 (quoting Cal. Civ. Proc. Code § 1002.5(b)(2)). Section

1002.5 regulates provisions in *settlement agreements* with an employee who filed a legal claim against an employer. *See* Cal. Civ. Proc. Code § 1002.5(a), (c)(1) (regulating "agreement[s] to settle an employment dispute" with a person who "has filed a claim against the person's employer in court, before an administrative agency, in an alternative dispute resolution forum, or through the employer's internal complaint process"). The allegations in the Complaint fail to "show a very significant possibility of future harm." *San Diego Cty. Gun Rights*, 98 F.3d at 1126 (citing *Bras*, 59 F.3d at 873). The Court concludes that SDCLA fails to meet its burden to demonstrate that it has standing to assert the seventh claim. The Motions to Dismiss the second, third, fourth, sixth, and seventh claims are granted.

## IV.   FAILURE TO STATE A CLAIM

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### a. **Claim 1 – Contracts Clause (Employment Agreements)**

Defendants contend that the Ordinance does not substantially impair any existing at-will employment contract because the Ordinance applies to terminated employees. Defendants contend that the Ordinance regulates the hiring of employees and does not "punish an employer's decision to terminate employment" or "mandate that an employer re-hire a laid-off worker on anything other than an at-will basis." (ECF No. 12-1 at 15). Defendants contend that the City had a rational basis for enacting the Ordinance to mitigate job loss and speed economic recovery. SDCLA contends that the Ordinance substantially impairs prior and existing at-will employment contracts because it reduces the right to terminate an employee at-will into a right to suspend an employee or terminate an employee for cause. SDCLA contends that the Ordinance is subject to heightened scrutiny and is not narrowly tailored.

The United States Constitution and the California Constitution prohibit the passage of laws that impair the obligation of contracts. *See* U.S. CONST. art. I, § 10, cl. 1; CAL. CONST. art. I, § 9. The court applies a two-step test to determine whether a law violates the Contracts Clause of the United States Constitution. *See Sveen v. Melin*, 138 S. Ct. 1815, 1821 (2018). "The threshold issue is whether the [] law has 'operated as a substantial impairment of a contractual relationship.'" *Id.* at 1821-22 (quoting *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244 (1978)). "In answering that question, the court [] consider[s] the extent to which the law undermines the contractual bargain, interferes with a party's reasonable expectations, and prevents the party from safeguarding or reinstating his rights." *Id.* at 1822. "If such factors show a substantial impairment, . . . the Court [asks] whether the [] law is drawn in an 'appropriate' and 'reasonable' way to advance 'a significant and legitimate public purpose.'" *Id.* (quoting *Energy Reserves Grp., Inc. v. Kan. Power & Light Co.*, 459 U.S. 400, 411-12 (1983)). "[T]he federal Contract Clause analysis [is used] for determining whether a statute violates the parallel provision of the California Constitution." *Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086, 1097 (9th Cir. 2003).

In this case, the Ordinance requires covered employers to offer open positions to qualified employees who were laid off on or after March 4, 2020, for "economic, non-disciplinary" reasons. (Ordinance No. 21231, Ex. A to City's RJN, ECF No. 12-3 at 2). The Ordinance provides a private right of action to laid-off employees whose employer fails to comply. The stated "[p]urpose and [i]ntent" of the Ordinance is to ensure that building service, hospitality, and travel-related workers who were terminated because of the COVID-19 pandemic "enjoy a right to return to their previous jobs when business activity resumes in order to aid economic recovery." (*Id.* at 1). In the Complaint, SDCLA alleges that "[m]any of [its] members hired workers under an at-will employment agreement" and "naturally assumed that . . . they could lay off those workers *without* granting them a possible cause of action." (ECF No. 1 ¶ 21). SDCLA alleges that the Ordinance "denies those employers the contractual right to terminate employees at-will as, absent good cause for the termination, they must re-hire anyone previously fired" or face civil liability. (*Id.* ¶ 22). The allegations in the Complaint plausibly support an inference that the Ordinance affects at-will employment contracts with ex-employees and at-will employment contracts with current employees. The allegations in the Complaint plausibly support a claim that the Ordinance substantially interferes with at-will employment agreements, and the City lacks sufficient justification for the interference. The Motions to Dismiss the first claim are denied.

### b. Claim 5 – State Law Preemption (Cal. Lab. Code § 2922)

Defendants contend that the Ordinance does not conflict with section 2922 of the California Labor Code because the Ordinance does not impose liability for an employer's decision to terminate an at-will employee or "require that a covered employer rehire a laid-off employee on anything other than an at-will basis." (ECF No. 25 at 32). Defendants contend that many other municipal laws "prohibit discriminatory refusal to hire or include a reinstatement remedy, without conflicting with § 2922." (*Id.* at 33). SDCLA contends that the Ordinance prohibits what section 2922 demands by "robbing [employers] of their right to terminate [employees] at will; offering the comparatively enfeebled option of

suspending the contract or terminating it for-cause instead." (ECF No. 27 at 27). SDCLA contends that the language, scope, and history of section 2922 demonstrate that the legislature intended to fully occupy the field of at-will employment law.

Local legislation that conflicts with California state law is preempted by the state law and void under the California Constitution. *See Sherwin-Williams Co. v. City of Los Angeles*, 4 Cal. 4th 893, 897 (1993); CAL. CONST. art. XI, § 7. "A conflict exists if the local legislation duplicates, contradicts, or enters an area fully occupied by general law, either expressly or by legislative implication." *City of Riverside v. Inland Empire Patients Health & Wellness Ctr., Inc.*, 56 Cal. 4th 729, 743 (2013) (quoting *Sherwin-Williams*, 4 Cal. 4th at 897). "[L]ocal legislation is 'contradictory' to general law when it . . . directly requires what the state statute forbids or prohibits what the state enactment demands." *Id.* "[N]o inimical conflict will be found where it is reasonably possible to comply with both state and local laws." *Id.* "[L]ocal legislation enters an area that is 'fully occupied' by general law when the Legislature has expressly manifested its intent to 'fully occupy' the area, or when it has impliedly done so . . . ." *Id.* (quoting *Sherwin-Williams*, 4 Cal. 4th at 897-98).

Section 2922 of the California Labor Code provides that "[a]n employment, having no specified term, may be terminated at the will of either party on notice to the other." Cal. Lab. Code § 2922. The Ordinance requires covered employers to offer open positions to qualified employees who were laid off on or after March 4, 2020, for "economic, non-disciplinary" reasons or face civil liability. (Ordinance No. 21231, Ex. A to City's RJN, ECF No. 12-3 at 2). The allegations in the Complaint plausibly support a claim that the Ordinance contradicts or enters an area fully occupied by section 2922. *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 350 (2000) (the at-will employment relationship "affords no expectation, protectible by law, that employment will continue, or will end only on certain conditions, unless the parties have actually adopted such terms"). The Motions to Dismiss the fifth claim are denied.

///

///

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss filed by Defendants are denied as to the first and fifth claims and are otherwise granted.

IT IS FURTHER ORDERED that Defendants shall file any opposition to the Motion for Summary Judgment within fourteen (14) days of the date of this Order. Plaintiff shall file any reply within twenty-one (21) days of the date of this Order.

Dated: July 8, 2021

Hon. William Q. Hayes
United States District Court